UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

ROBERT M.,[1]

                                          Plaintiff,        Case # 20-CV-1594-FPG

v.                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                        Defendant.
───────────────────────────────────────

## INTRODUCTION

On June 12, 2017, Plaintiff Robert M. protectively filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), alleging disability beginning on April 26, 2017, due to physical and mental complications following burns he incurred when a car he was repairing caught fire. Tr.[2] 158-61, 184. The Social Security Administration ("SSA") denied his claim, and Plaintiff filed a timely request for a hearing. Tr. 90.

Plaintiff appeared, with counsel, at a hearing before Administrative Law Judge Elizabeth Ebner ("the ALJ") on September 16, 2019. Tr. 42-70. Plaintiff and a vocational expert testified at the hearing. On December 9, 2019, the ALJ issued a partially favorable decision, concluding that Plaintiff was disabled through September 30, 2018, but not thereafter. Tr. 11-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 10, 11.

[3] The Court has jurisdiction over this action under 42 U.S.C. § 1383(c)(3).

1

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. Plaintiff replied. ECF No. 15. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her

past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

**I.      The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above and determined that Plaintiff was disabled within the meaning of the Act from June 12, 2017 through September 30, 2018. Tr. 14-19. Relevant for purposes of this appeal, and as part of the RFC, the ALJ determined that Plaintiff would be off-task 25% of the workday in addition to normal breaks. Tr. 15.

However, the ALJ determined that, starting on October 1, 2018, Plaintiff's condition improved such that his disability ended. Tr. 19-25. Utilizing the five step process described above with respect to the period on and after October 1, 2018, the ALJ found at steps one and two that Plaintiff had not developed any new impairments since October 1, 2018, the date Plaintiff's disability ended, and therefore the following severe impairments remained unchanged: head, neck, chest, arm, and back burns secondary to fire accident with multiple skin grafts; degenerative disc disease of the cervical spine; depression; anxiety; and posttraumatic stress disorder. Tr. 14, 19. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 19-20.

Next, the ALJ determined that Plaintiff retained the RFC to perform the same "light work" with additional limitations the ALJ had previously determined with respect to the period before October 1, 2018, but that Plaintiff would no longer be off-task for 25% of the workday. Tr. 20-

23. At step four, the ALJ found that Plaintiff was still incapable of performing his past relevant work. Tr. 23. At step five, the ALJ concluded that there were jobs in the national economy that Plaintiff could perform, such as cafeteria attendant, laboratory sample carrier, and marker. Tr. 23-24. Therefore, the ALJ concluded that Plaintiff was not disabled beginning on October 1, 2018. Tr. 24-25.

**II.     Analysis**

Plaintiff argues that substantial evidence does not support the ALJ's conclusion that Plaintiff's disability ceased as of October 1, 2018. ECF No. 13-1 at 17-24. Specifically, Plaintiff argues that the record does not contain substantial evidence that Plaintiff's medical condition improved such that he would no longer be off-task 25% of the workday. The Court agrees with Plaintiff.

Once the Commissioner determines that a claimant is disabled, he "is entitled to a presumption that the classification will not change unless the condition, governing statutes, or regulations change." *Nascimento v. Colvin*, 90 F. Supp. 3d 47, 53-54 (E.D.N.Y. 2015) (quoting another source). "Medical improvement is defined as any decrease in the medical severity of a claimant's impairment which was present at the time of the most recent favorable medical decision that he or she was disabled or continues to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, or laboratory findings associated with a claimant's impairments." *Id.* (quoting another source); *Veino v. Barnhart*, 312 F.3d 578, 586-87 (2d Cir. 2002); *see also* 20 C.F.R. § 416.994(b)(1). "It is the Commissioner's burden to establish medical improvement" by substantial evidence. *Kennedy v. Berryhill*, No. 1:16-CV-855-MAT, 2018 WL 5619838, at *3 (W.D.N.Y. Oct. 29, 2018).

Here, the ALJ concluded that Plaintiff experienced a medical improvement as of October 1, 2018. In doing so, she credited a medical opinion from Cindy Griffing, LMHC, who opined that Plaintiff had "[g]ood" ability to remember work-like procedures; ability to understand, carry-out, and remember short and simple instructions; and ability to maintain attention for two-hour segments. Tr. 21, 1553-58. The ALJ also credited Plaintiff's testimony that he can drive, complete chores, feed and dress himself, and smoke. Tr. 22. The ALJ interpreted this testimony to support her conclusion that Plaintiff would no longer be off-task 25% of the workday.

First, although the ALJ cites Griffing's August 28, 2019 opinion that Plaintiff had a "good" ability to maintain attention and perform certain simple workplace functions, she also opined that Plaintiff had "[p]oor" ability to maintain attendance, maintain an ordinary routine, work with others, and, critically, a poor ability to complete a normal workday without interruptions. Tr. 1554. Griffing also opined that Plaintiff had a "fair" ability to accept instructions, get along with coworkers, and to respond to changes in routine. Tr. 1554-58. Plaintiff's poor and fair abilities to perform these functions do not support the ALJ's conclusion that Plaintiff would no longer be off-task 25% of a workday.

Second, that, according to Griffing, Plaintiff had a "good" ability to maintain attention for two-hour segments, simply does *not* translate into Plaintiff no longer being off-task 25% of the time. While it supports a conclusion that Plaintiff *may* concentrate for a period of two hours, it says nothing about the other six hours of a workday. In other words, Griffing's opinion simply establishes that Plaintiff *may* be *on*-task 25% of the day; not that he would no longer be *off*-task 25% of the time.

Third, that Plaintiff could drive and perform some activities of daily living—such as chores, which Plaintiff actually never admitted to being able to do—simply have nothing to do

5

with the ALJ's conclusion that Plaintiff would no longer be off-task 25% of the time.  *See Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 10 (2d Cir. 2020) (summary order) ("[I]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." (quoting another source)).  In fact, when the ALJ asked Plaintiff about his ability to concentrate and remain focused, Plaintiff testified that he "can't focus" and had short-term memory loss and his parents had to assist him with tasks such as filling out paperwork, which required attention and focus.  Tr. 61.

      Fourth, although it is not apparent from her decision, to the extent the ALJ relied on the other medical opinions in the record—two from consultative evaluators in October and November 2017, Tr. 1371-79, and one from the state agency medical consultant in January 2018, Tr. 77-84, such records were generated *before* the supposed improvement date.  The pre-dated records therefore cannot support the ALJ's conclusion that Plaintiff improved thereafter.  *See Ritchie v. Saul*, No. 19cv01378, 2020 WL 5819552, at *18 (S.D.N.Y. Sept. 29, 2020) ("Moreover, for the *entire* period of Plaintiff's supposed medical improvement (which post-dated the Hearing), the Court has been presented with almost *no* pertinent medical records, let alone any test results or medical opinion evidence that could support the ALJ's RFC determination for that period." (emphasis in original)); *McDowell v. Colvin*, No. 2:15-cv-87, 2016 WL 2347854 (D. Vt. May 4, 2016) (finding that records produced before date of alleged medical improvement are "particularly unhelpful" in demonstrating a plaintiff's improvement because they were prepared on "a date falling well within the period that the ALJ found [plaintiff] to be disabled").

      Finally, to the extent the ALJ concluded that Plaintiff's burns started to heal, resulting in him no longer being disabled as of October 1, 2018, any such healing has no apparent connection to Plaintiff's inability to remain on-task.

Simply stated, there is nothing in the record that indicates that Plaintiff medically improved by October 1, 2018. Accordingly, the ALJ's RFC that Plaintiff would no longer be off-task for 25% of a workday as of October 1, 2018 is not supported by substantial evidence and remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 13, is GRANTED, the Commissioner's motion for judgment on the pleading, ECF No. 14, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 4, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York